# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 12-113 (RBW) |
| | ) | |
| ELIAS SPARKS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In February 2014, this Court sentenced the defendant to a term of 120 months of incarceration followed by five years of supervised release. See generally Judgment in a Criminal Case ("Judgment") (Feb. 5, 2014). Currently before the Court is the defendant's pro se petition to vacate the Court's sentence pursuant to 28 U.S.C. § 2255 (2012), in which he asserts several claims of alleged ineffective assistance of counsel and requests an evidentiary hearing. See generally Motion to Vacate, Set Aside, or Correct Sentence ("Def.'s Mot."). The government opposes the request for a hearing, noting the Court's familiarity with the case, and further argues that the defendant has not met his burden of establishing ineffective assistance of counsel. Government's Opposition to Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence ("Gov't Opp'n") at 1. Upon careful consideration of the parties' submissions, the Court will deny the defendant's motion in its entirety.[1] However, because one of the defendant's arguments raises a question regarding the adequacy of the Court's pre-plea

---

[1] In addition to the filings already identified, the Court considered the following documents in rendering its decision: (1) the Transcript of the Plea Hearing ("Plea Tr.") (July 9, 2013); (2) the Presentence Investigation Report ("PSI Report"); (3) Mr. Elias T. Spark's Memorandum In Aid of Sentencing ("Def.'s Sentencing Mem."); and (4) the Government's Sentencing Memorandum ("Gov't Sentencing Mem.").

competency determination, the Court will order additional briefing on that issue, as discussed hereafter.

## I.    BACKGROUND

The defendant has a history of mental illness, including diagnoses of undifferentiated schizophrenia and antisocial personality disorder. PSI Report ¶¶ 69, 72. On May 1, 2012, the defendant was indicted on one count of unlawful possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2012),[2] Gov't Opp'n at 2–3, and Assistant Federal Public Defender Jonathan Jeffress ("Jeffress") was appointed to represent him, id. at 3. When the defendant was brought before the Court for his arraignment on May 16, 2012, he was committed to the Federal Medical Center in Butner, North Carolina (the "Medical Center"), pursuant to 18 U.S.C. § 4241(d) (2012), for treatment and further evaluation following a finding of mental incompetency. Id. On August 14, 2012, the Medical Center submitted a report to this Court stating that the defendant remained incompetent to stand trial, but that his competency may be restored with treatment. Id. The August 14, 2012 Medical Center report indicated also that the defendant's condition was improving, see Def.'s Sentencing Mem. at 7; however, the report also noted that the defendant was increasingly "awar[e] that he was going to have to return to Court to face charges, [which] may have led [the defendant] to [] exaggerate his symptoms," id. (citing Aug. 14, 2012 Medical Center report at 9). On September 6, 2012, the Court ordered the defendant to remain at the Medical Center for an additional ninety days for continued treatment. See Order at 1 (Sept. 11, 2012).

---

[2] The defendant was originally indicted on March 3, 2011 in Criminal Case No. 11-60; however, that case was dismissed without prejudice. See generally United States v. Sparks, 885 F. Supp. 2d 92, 94–97 (D.D.C. 2012) (Walton, J.) (summarizing the procedural history and denying a subsequent motion to dismiss the second indictment with prejudice).

On December 4, 2012, the Medical Center submitted its final report to the Court,

certifying that the defendant was now competent to stand trial, see Def.'s Sentencing Mem. at 8,

but also noting that the defendant's competency was "contingent upon consistent and effective

treatment with psychotropic medication[,]" id. (quoting Dec. 4, 2012 Medical Center report at 7).

The Court then conducted a status conference on December 14, 2012, and ordered that the

defendant be returned to a District of Columbia detention facility and maintained on his

medication and treatment regimen.  See Order (Dec. 18, 2012).

During subsequent status conferences, the parties represented that they were negotiating a

plea agreement.  See Gov't Opp'n at 4.  A hearing was then initiated on May 1, 2013, for the

purpose of the defendant entering a guilty plea, but the Court aborted the hearing when the

defendant's demeanor demonstrated that he was unable to understand the Court's questioning.

Id.  Despite the Court's prior December 18, 2012 order, the defendant was not moved to a

District of Columbia detention facility, prompting Jeffress to file a motion to transfer the

defendant to a District of Columbia detention facility for mental and physical evaluations, and so

Jeffress could spend additional time with the defendant to "ensure that [the defendant] [was]

competent to enter his plea (or go to trial) and that [the defendant] was making his decision

knowingly and voluntarily."  See Unopposed Motion to Return Defendant to This Jurisdiction

("Def.'s Return Mot.") at 2.  At some point after the defendant was transferred to the District of

Columbia jail, his medication regimen was changed.  See Def.'s Sentencing Mem. at 9.

According to Jeffress, the defendant had "'decompensated' since his return to the [District of

Columbia] and his corresponding change in medications."  Id.  Nonetheless, thereafter, at a June

28, 2013 status conference, Jeffress represented that the defendant was prepared to enter his

guilty plea.  Gov't Opp'n at 4.

3

The Court held the defendant's guilty plea hearing on July 9, 2013.  <u>See generally</u> Plea

Tr.  When asked at the plea hearing whether he understood that the crime he committed was

wrong, the defendant replied, "[n]ot at the time."  <u>See</u> Plea Tr. at 6:21–23.  He also indicated that

he wanted to plead not guilty by reason of insanity.  <u>See</u> <u>id.</u> at 8:20–25.  But after consulting with

Jeffress, the defendant changed course, <u>see</u> <u>id.</u> at 9:1–5, indicating that he was guilty, <u>see</u> <u>id.</u> at

11:11, and that he knew when the crime was committed that what he was doing was wrong, <u>see</u>

<u>id.</u> at 11:19.

Prior to the imposition of the defendant's sentence, he requested that he receive a sixty-

month period of of incarceration (the statutory mandatory minimum), Def.'s Sentencing Mem. at

1; <u>see also</u> 21 U.S.C. § 841(b)(1)(B), while the government recommended a 188-month prison

sentence (the bottom of the United States Sentencing Guidelines sentence), <u>see</u> Gov't Sentencing

Mem. at 1.  The Court ultimately sentenced the defendant to a 120-month term of incarceration,

followed by five years of supervised release.  Judgment at 2, 4.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255 (2012), a person in custody pursuant to a federal court sentence

may "move the court which imposed the sentence to vacate, set aside[,] or correct the sentence,"

on grounds that "the sentence was imposed in violation of the Constitution or laws of the United

States, . . . that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

28 U.S.C. § 2255(a).  A district court must grant an evidentiary hearing to conduct additional

fact-finding necessary to resolve the motion "[u]nless the motion[s,] the files[,] and the records

of the case conclusively show that the prisoner is entitled to no relief."  <u>Id.</u>  However, "[e]ven if

the files and records of the case do not clearly rebut the allegations of the prisoner, no hearing is

required where [the prisoner's] claims are 'vague, conclusory, or palpably incredible.'" United States v. Pollard, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)). In making this assessment, the Court must construe the defendant's pro se filings liberally. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002) (citing Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999)). In any event, if the reviewing court finds that any grounds requiring relief under § 2255(a) are satisfied, it "shall vacate and set the judgment aside[,] and [it] shall [also] discharge the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.   ANALYSIS

"A [guilty] plea is not voluntary or intelligent if the advice given by defense counsel on which the defendant relied in entering the plea falls below the level of reasonable competence such that the defendant does not receive effective assistance of counsel." United States v. Loughery, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (citing Hill v. Lockhart, 474 U.S. 52, 56–60 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973)). "In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court adopted a two-prong objective test for determining whether a defendant's constitutional right to the effective assistance of counsel has been violated," United States v. Abney, 812 F.3d 1079, 1082 (D.C. Cir. 2016), and clarified in Hill that the Strickland standard "applies to challenges to guilty pleas based on ineffective assistance of counsel," 474 U.S. at 58.

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance by his counsel and prejudice to him because of counsel's deficient performance. United States v. Williams, 488 F.3d 1004, 1010 (D.C. Cir. 2007) (citing Strickland

v. Washington, 466 U.S. 668, 687 (1984)).  Counsel's performance is deficient only where

counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; see also Abney, 812 F.3d at

1086 ("Counsel's performance is 'deficient' when his representation falls below an objective

standard of reasonableness." (citing United States v. Rodriguez, 676 F.3d 183, 189 (D.C. Cir.

2012))).  In other words, counsel must provide "reasonably effective assistance," Strickland, 466

U.S. at 687, measured by "prevailing professional norms," id. at 688; see also Massaro v. United

States, 538 U.S. 500, 505 (2003) ("A defendant claiming ineffective counsel must show that

counsel's actions were not supported by a reasonable strategy . . . .").  When entertaining claims

of ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly

deferential," Strickland, 466 U.S. at 689, and courts "must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance," id.

On a challenge to a guilty plea based on ineffective assistance of counsel, the defendant

must show that "counsel's constitutionally ineffective performance affected the outcome of the

plea process." Hill, 474 U.S. at 59.  "In other words, in order to satisfy the 'prejudice'

requirement, the defendant must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

A "reasonable probability is a probability sufficient to undermine confidence in the outcome."

Strickland, 446 U.S. at 694.  And, while the defendant may seek an evidentiary hearing to

develop his claims, a court need not hold one where "the motions and the files and the records of

the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Here, the defendant asserts that Jeffress rendered ineffective assistance by: (1) failing to

request a competency hearing pursuant to 18 U.S.C. § 4241(e), Def.'s Mot. at 5; (2) permitting

the defendant to sign the plea agreement despite the lack of a competency hearing, id. at 10; (3)

failing to object to the PSI Report, id. at 12; (4) failing to file a motion to withdraw his guilty

plea prior to sentencing, id. at 14; and (5) allegedly coercing the defendant to plead guilty instead

of entering a plea of not guilty by reason of insanity, id. at 15.  The Court will address each

challenge in turn.

### A.    Defense Counsel's Failure To Request Section 4241(e) Hearing

First, the defendant challenges Jeffress's failure to request a competency hearing pursuant

to 18 U.S.C. § 4241(e) before the defendant entered his guilty plea, after being certified

competent to stand trial in December 2012, and despite acknowledging in the defendant's

sentencing memorandum that the defendant's medications had changed since the December 2012

competency certification and that his condition had "decompensated."  See Def.'s Mot. at 10–11;

Def.'s Sentencing Mem. at 8 (quoting Dec. 4, 2012 Medical Center report); id. at 9 (addressing

change in medications following December 2012 and corresponding "decompensat[ion]" of the

defendant's mental health condition).  Under the circumstances presented in this case, as

discussed further below, the Court rejects this argument.

The defendant underwent extensive treatment and evaluation to address his mental health

condition between April 2011 and December 2012, at Jeffress's request.  Def.'s Sentencing

Mem. at 2–8 (describing the mental health evaluations and treatment provided to the defendant).

After the defendant was certified competent to stand trial in December 2012, the Court held a

status hearing on January 30, 2013, during which Jeffress acknowledged the competency report,

stating: "Well, I'd like to see if we can resolve that, the competence.  I have no basis for doing it

right now.  I don't want to foreclose maybe ultimately doing something like that, but right now I

have no basis for challenging the report."  Tr. of Status Conference (Jan. 30, 2013) at 2:19–22

7

(emphasis added). Thus Jeffress, aware that he could challenge the certification of competency, had determined in his professional opinion that no basis existed to do so, and indicated that he would do so if the need arose. See id. The question as to whether the defendant was competent to enter a guilty plea was not thereafter raised by either party prior to the plea hearing. See generally Tr. of Status Conference (Mar. 1, 2013); Tr. of Status Conference (Mar. 27, 2013); Tr. of Status Conference (Apr. 16, 2013); Tr. of Status Conference (May 1, 2013); Tr. of Status Conference (June 28, 2013). Only in October 2013, after the defendant entered his guilty plea, did Jeffress indicate that the defendant's medications had been altered after he was transferred to a District of Columbia detention facility and that he had "decompensated" to some degree. See Def.'s Sentencing Mem. at 9. Jeffress urged the Court to consider a downward departure from the Sentencing Guidelines to take into account the defendant's mental health condition. Id. at 21–22; see also Tr. of Status Conference (Nov. 22, 2013) at 18:19–21:15 (arguing that the Court should take into consideration the defendant's mental health condition in determining an appropriate sentence). On this record, the Court can neither find that Jeffress's representation of the defendant—including his efforts to ensure that the defendant obtained mental health treatment—fell below an objectively reasonable standard, nor that the defendant was prejudiced by Jeffress's failure to request an additional competency hearing prior to the defendant entering his guilty plea.[3] See, e.g., Barnhart v. United States, No. 96–141, 2000 WL 1013577, at *3–4 (D.D.C. July 13, 2000) (rejecting defendant's claim that counsel provided ineffective assistance

---

[3] The defendant's second argument—that Jeffress provided ineffective assistance by allowing the defendant to sign the plea agreement despite failing to ask for a section 4241(e) competency hearing—is predicated on the first argument, i.e., that Jeffress should have requested the competency hearing. See Def.'s Mot. at 10–14. Because the Court has now determined that the defendant has failed to show that this omission satisfies the elements of a claim for ineffective assistance of counsel, the defendant's dependent proposition must also fail.

by failing to challenge conflicting medical opinions and present a third medical opinion as to the

defendant's mental capacity, in order to obtain a downward departure).

Nevertheless, the defendant's motion does raise a question that must be further addressed.

Section 4241(e) mandates that a court hold a competency hearing after a certification of

competency is issued. See Def.'s Mem. at 8–9 (citing 18 U.S.C. § 4241(e)'s requirement that

"[w]hen the director of the facility in which a defendant is hospitalized pursuant to subsection (d)

determines that the defendant has recovered to such an extent that he is able to understand the

nature and consequences of the proceedings against him and to assist properly in his

defense, . . . [t]he court shall hold a hearing . . . to determine the competency of the

defendant . . . ." (emphasis added)); see also United States v. Giron-Reyes, 234 F.3d 78, 81 (1st

Cir. 2000) ("[W]e believe that subsection (e) required the district court to conduct [a second

competency hearing], even absent a motion from [the defendant], and that its failure to do so was

plain error."); United States v. Haywood, 155 F.3d 674, 681 (3d Cir. 1998) ("Subsection (e) of

section 4241 expressly assumes the existence of an expert opinion that the defendant is

competent and nevertheless mandates in no uncertain terms that a hearing be held and a finding

made."). Despite rulings by two Circuits that conflict with the First and Third Circuit, the Court

is unaware of any decisions in this Circuit interpreting this post-certification hearing to be

mandatory only to the extent such a hearing is requested by a party. See United States v.

Humphrey, 493 F. App'x 564, 568–69 (5th Cir. 2012) (district court did not err in failing to hold

a competency hearing pursuant to section 4241(e) prior to imposing its final sentence); United

States v. Muriel-Cruz, 412 F.3d 9, 14 (1st Cir. 2005) ("Subsections 4241(e) and 4247(d) plainly

contemplate that the issue of defendant's competency vel non is to be resolved through the

normal workings of the adversarial process, and there is no reason to suppose that defense

counsel would act contrary to the interests of an incompetent client by failing to contest the conclusions of a subsection 4241(e) certificate. . . .  Although subsection 4241(e) . . . mandates a hearing, [it] leave[s] the decision whether to contest competency primarily to the government and to defense counsel.").  However, another judge of this Court previously recognized that "[i]t is the duty of the District Court to make a specific judicial determination of competence to stand trial, rather than accept psychiatric advice as determinative on this issue." United States v. Weston, 36 F. Supp. 2d 7, 9 (D.D.C. 1999) (quoting United States v. David, 511 F.2d 355, 360 n.9 (D.C. Cir. 1975)).  And the Court is aware of only one district court opinion assessing a defendant's competency under section 4241(e) upon a motion by the government.  United States v. Rudisill, 43 F. Supp. 2d 1, 2 (D.D.C. 1999) (assessing a defendant's competency under section 4241(e) upon the government's motion).

The Court has already concluded that Jeffress's failure to request a section 4241(e) hearing does not satisfy the requirements for establishing ineffective assistance of counsel given the circumstances in this case. See supra at 6–7.  But, in light of section 4241(e)'s language, the dearth of case law in this Circuit interpreting section 4241(e), the lack of clarity on the present record as to whether the Court here held an appropriate section 4241(e) hearing prior to the entry of the defendant's plea, see Order (December 18, 2014) (ordering, "[b]ased upon the representations made at the December 14, 2012 status conference," that the defendant be transferred to a District of Columbia facility to allow him to continue receiving medications and necessary treatment "to allow him to maintain his mental competence . . . ."), and the defendant's assertion that, due to a change in the defendant's medications, he was not mentally competent at the time he entered his guilty plea, Def.'s Mot. at 12, the Court will order the government to

show cause why the Court's proceedings following the Medical Center's December 4, 2012

certification comport with section 4241(e).

### B.      Defense Counsel's Failure To Object to PSI Report

The defendant next argues that Jeffress committed "serious error" when he failed to

object to the PSI Report. Def.'s Mot. at 12–14. Specifically, the defendant asserts that because

Jeffress witnessed the defendant making "delusional statements" during his interview with the

Probation Office, id. at 13, Jeffress knew that the PSI Report resulting from that interview would

contain "false and erroneous information," id., and Jeffress therefore had an obligation to object

to the PSI Report, which he failed to do, id. at 13–14. The defendant, however, fails to identify

what specific information in the PSI Report was "false and erroneous." See generally id. at 12–

14. Instead, the defendant vaguely asserts that Jeffress should have objected to the PSI Report

only on the basis that the defendant purportedly made "delusional statements" that indicated that

the symptoms of his mental illness had returned. See id. at 13 (citing Def.'s Sentencing Mem. at

9). But such a vague and factually unsubstantiated assertion is insufficient to satisfy the

defendant's burden to establish by a preponderance of the evidence that his counsel's

performance violated his rights under the Sixth Amendment, see United States v. Pollard, 602 F.

Supp. 2d 165, 168 (D.D.C. 2009) ("The defendant bears the burden of proving the violation by a

preponderance of the evidence."), and the defendant's argument must therefore be rejected.

### C.      Defense Counsel's Advice To Enter Guilty Plea

Finally, the defendant asserts that, after he indicated during his plea hearing that he

wished to plead not guilty by reason of insanity, Jeffress coerced him to enter a guilty plea.

Def.'s Mot. at 16–17. Admittedly, during the plea hearing, the defendant initially stated that he

wished to plead not guilty by reason of insanity. See Plea Tr. at 7:23–8:24 ("Q. In light of what

11

I've said why don't you want to plead in court the fact that you're not guilty because of your mental condition? Why don't you want to do that? You can do that. A. <u>That's what I wish to do.</u>" (emphasis added)). Jeffress then asked for a moment to consult with the defendant, after which the defendant, reversing his prior response, stated, "<u>I don't wish to do that.</u>" <u>Id.</u> at 8:25–9:4 (emphasis added). The Court then asked the defendant why he wished to enter a guilty plea despite possibly having a mental illness at the time he committed the crime, to which the defendant responded, "Because I did a crime." <u>Id.</u> at 9:15. The Court, after reviewing with the defendant the potential consequences of a guilty plea as compared to a plea of not guilty by reason of insanity, <u>id.</u> at 9:18–11:7, asked the defendant to explain why he wished to enter a guilty plea, <u>id.</u> at 11:8–10. The defendant then stated, "Because I'm guilty," explained that he did not think he was suffering from a mental illness when he committed the offense, and said, "Because I know what I was doing was wrong." <u>Id.</u> at 11:11–21. Moreover, the defendant outlined exactly what he did that constituted the crime he was pleading guilty to, and that he had the ability to stop himself from engaging in the conduct. <u>Id.</u> at 11:22–13:7.

The defendant claims that the during the brief discussion he had with Jeffress, after initially stating that he wished to plead not guilty by reason of insanity, Jeffress "promise[d the] defendant that [he] would only be sentence[d] to [five] years of incarceration if the defendant plea[ded] guilty," and that absent this purported "promise," he would have pleaded not guilty by reason of insanity. Def.'s Mot. at 17. Even assuming the truthfulness of this alleged advice and a finding that it fell below the objectively reasonable standard of performance demanded of an attorney, the defendant's cannot establish that he was prejudiced by the advice considering the Court's colloquy with the defendant during the plea hearing. Specifically, the Court explained to the defendant that "the sentence that you face in this case is a sentence of five years to 40 years

in prison. That's what the statute says I can give you. I have to give you <u>at least five years</u>, but I can give you <u>up to 40 years</u>. Do you understand that?" Plea Tr. at 18:2–6 (emphases added). The defendant answered "Yes." <u>Id.</u> at 18:6. The Court continued, "And because of your prior record I could give you a sentence that would take you <u>all the way up to 40 years</u>. Do you understand that?" <u>Id.</u> at 18:8–11 (emphasis added). Again, the defendant answered "Yes." <u>Id.</u> at 18:12. The Court also advised the defendant that it could sentence him to a term of imprisonment of 188 to 235 months under the Sentencing Guidelines, <u>id.</u> at 19:21–20:4, and that the Court was not bound by the Sentencing Guidelines or any agreements between the parties, <u>id.</u> at 21:10–12, 21:16–23. To each of the Court's statements, the defendant responded that he understood. <u>Id.</u> at 18:7, 18:12, 20:5, 21:15, 21:24. Thus, the defendant cannot establish that Jeffress's purported "promise" of a five-year sentence prejudiced him because the record clearly shows that the defendant was advised by the Court and understood that he could be sentenced to up to forty years in prison. <u>See, e.g.</u>, <u>United States v. Sutton</u>, 803 F. Supp. 2d 1, 5 (D.D.C. 2011) (Walton, J.) (the defendant "cannot argue that he would have proceeded to trial had he known about the sixty-month mandatory sentence because the record reflects that he was made aware of the sixty-month mandatory minimum sentence by his attorney (and also the Court), yet he pleaded guilty in any event."); <u>United States v. Harris</u>, 894 F. Supp. 20, 25 (D.D.C. 1995) ("The Defendant's claim regarding the alleged failure of his counsel to inform hi[m] of the potential sentence he was facing suffers from similar deficiencies. The transcript of the plea proceeding discloses that, as part of the Rule 11 colloquy, the Defendant was clearly informed of the respective sentences for the offenses charged therein. The Defendant was apprised of the maximum penalties for the crimes to which he was entering a plea of guilty." (citations

omitted)).  The Court therefore rejects the defendant's final challenge that he was not provided effective assistance of counsel by his attorney.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny the defendant's Motion To Vacate, Set Aside, Or Correct Sentence.  However, because a question remains regarding the adequacy of the Court's competency proceedings, the Court will order the parties to submit further briefing on that issue.[4]

**SO ORDERED** this 9th day of June, 2016.

REGGIE B. WALTON
United States District Judge

---

[4] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.